**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **RICHARD O. LONG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 15-0361-WS-C** |
| | ) | |
| **ADAM MADISON, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter comes before the Court on defendant Joven De Los Reyes, M.D.'s Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (doc. 10). The court-ordered briefing schedule having expired, the Motion is now ripe for submission.[1]

On July 20, 2015, plaintiff, Richard O. Long, proceeding *pro se*, filed a Complaint (doc. 1) against defendants, Adam Madison, Joven De Los Reyes, and Moundville Health & Rehab.[2] As set forth in his pleading, the entirety of Long's statement of claim against defendants reads as follows (misspellings and other errors in original): "Plaintiff was forced to lay flat of his back for (2) years without proper treatment and care. In Moundville Health and Rehab. 42 U.S.C.

---

[1] By Order (doc. 12) entered on October 15, 2015, plaintiff's deadline for filing a response to the Motion to Dismiss was set for October 30, 2015. In deference to plaintiff's *pro se* status, the Court included an admonition in bold print as follows: "**[P]laintiff is cautioned that this briefing schedule marks his one and only opportunity to be heard on the Motion to Dismiss or for Summary Judgment. If plaintiff fails to file a response in a timely manner, the Court will take the Motion under submission without the benefit of any argument or authorities … that plaintiff might otherwise wish to submit.**" (Doc. 12, at 1.) Plaintiff has responded to neither the Motion nor the October 15 Order, and his deadline for doing so has long since expired. Accordingly, Long has waived the opportunity to be heard on the pending dispositive motion.

[2] The court file is devoid of any indication that Long ever effected service of process on any of the defendants. Nonetheless, defendant De Los Reyes has made a limited appearance, by and through counsel, for the purpose of requesting dismissal of the Complaint on frivolity grounds. (*See* docs. 4 & 10.)

1985; 83; 28-USC 1343 abuse and neglect. Defendants used false information, to witt: medical information to get money from Medicaid to pay for plaintiffs stay: $5,000. $17,000 at one point. Plaintiff had to get his own doctor for treatment." (Doc. 1, at 2.)

As correctly identified by the Motion to Dismiss, this Complaint suffers from a host of defects. The pleading's most pressing infirmity is this: Long has unsuccessfully asserted precisely the same claims against precisely the same defendants on two previous occasions.[3] Back in September 2013, Long sued Madison, De Los Reyes, and Moundville Health & Rehab, as well as other defendants, in this District Court in a case captioned *Richard Owen Long v. Dr. Richard Thomason, Jr., et al.*, Civil Action 13-0447-KD-M. In that action, Long's complaint was predicated on allegations such as the following: "Adam Madison, Administrator Moundville Health & Rehab along with Dr. De Los Reyes submitted all this false information to Medicaid, Medicare and Social Security to gain payee over my checks and to get payment for medical services for me to be here." (Civil No. 13-0447-KD-M, doc. 1 at 9.) In the same pleading, Long complained that defendants had willfully placed false "information in the Plaintiff's medical records to deny Plaintiff medical treatment, care, and medication" and that "until this day, I'm still being denied proper treatment and care and have severe pain every day." (*Id.* at 2, 8.) On January 6, 2014, Judge DuBose entered an Order (doc. 13) and Judgment (doc. 14) adopting the Magistrate Judge's Report and Recommendation (doc. 8) and dismissing Long's complaint in

---

[3] Pursuant to the doctrine of judicial notice, court records from other cases may properly be considered here without converting the Motion to Dismiss into a motion for summary judgment. *See generally Cash Inn of Dade, Inc. v. Metropolitan Dade County*, 938 F.2d 1239, 1243 (11th Cir. 1991) ("A district court may take judicial notice of public records within its files relating to the particular case before it or other related cases."); *Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed.Appx. 52, 53 (11th Cir. Apr. 18, 2006) ("A district court may take judicial notice of certain facts [including public records] without converting a motion to dismiss into a motion for summary judgment."); *Beepot v. J.P. Morgan Chase Nat'l Corporate Services, Inc.*, 57 F. Supp.3d 1358, 1366 (M.D. Fla. 2014) ("The exhibits attached to the Motion to Dismiss and Response are documents that were filed in the prior state court proceedings out of which the Beepots' instant claims arose, therefore, they are public records not capable of reasonable dispute, and appropriate for judicial notice."); *Continental Motors, Inc. v. Jewell Aircraft, Inc.*, 882 F. Supp.2d 1296, 1300 n.2 (S.D. Ala. 2012) ("the Court takes judicial notice of the contents of pleadings from the *Crouch* Action, all of which are a matter of public record and are maintained on file by the Clerk of Court"); *Gamble v. PinnOak Resources, LLC*, 511 F. Supp.2d 1111, 1123 n.5 (N.D. Ala. 2007) ("the court may take judicial notice of court documents and the position taken by one or more of the Defendants in those documents").

Civil Action 13-0447-KD-M ***with prejudice*** on grounds of frivolity and failure to state a claim upon which relief may be granted. Long did not appeal.

Following the dismissal of his first federal lawsuit against defendants Madison, De Los Reyes, and Moundville Health & Rehab. in Civil Action 13-0447-KD-M, Long filed another complaint against the same defendants on or about August 8, 2014. This second round of litigation was commenced in the Circuit Court of Hale County, Alabama, where it was styled *Richard O. Long v. Adam Madison, et al.*, Case No. CV-2014-000007. (*See* doc. 10, Exh. C.) In the Hale County complaint, Long alleged that the defendants (again, Madison, De Los Reyes and Moundville Health & Rehab.) "refused to comply with the Plaintiff's requested treatment," then "filed a request with Social Security Administration to become payee of Plaintiff's check." (*Id.* at 3.) Long's pleading in Hale County alleged that such a request was predicated on "information [that] is false." (*Id.* at 4.) In the same complaint, Long asserted that "Defendants refused to call the Plaintiff's doctors," "tried to force Plaintiff to do therapy," denied his requests for treatment of pain, and forced Long "to suffer with severe pain for ten (10) months." (*Id.* at 5-7.) Defendants moved to dismiss the Hale County lawsuit on grounds of *res judicata*. (Doc. 10, Exh. D.) On October 12, 2014, after oral argument, Circuit Judge Wiggins entered an Order granting the motion to dismiss and dismissing Long's complaint in Case No. CV-2014-000007 ***with prejudice***. (Doc. 10, Exh. E.) Long appealed that ruling to the Alabama Court of Civil Appeals, which issued a decision affirming the judgment on or about May 1, 2015. (*Id.*, Exh. F.)

As aptly reflected in the Motion to Dismiss, Long has now brought the same claims against the same defendants for the third time, after both of his previous lawsuits were dismissed with prejudice. The doctrine of res judicata forbids a litigant such as Long from suing the same defendants for the same alleged harms over and over again in hopes that some court, somewhere will eventually agree with him. *See generally Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 779-80 (6th Cir. 2000) ("The law does not allow [the plaintiff] the luxury of returning to federal court with the same set of facts until he succeeds in alleging a federal cause of action.").[4] As the

[4] "Were the law otherwise, the inefficiencies visited on courts and litigants would be nothing short of staggering, as plaintiffs stymied in their initial attempts to bring claims in federal court could try over and over again by stitching together various permutations of factual allegations and legal theories – at vast expense to opposing parties and at heavy burden to resource-strapped courts – until they came up with a combination that sticks." *Polk v. Sears, Roebuck, and Co.*, 2012 WL 1640708, *5 (S.D. Ala. May 8, 2012).

Eleventh Circuit has recognized, "[r]es judicata is a judicially crafted doctrine, created to provide finality and conserve resources." *Maldonado v. U.S. Atty. General*, 664 F.3d 1369, 1375 (11th Cir. 2011). "The doctrine facilitates the conclusive resolution of disputes by reducing the expense and vexation attending multiple lawsuits, conserv[ing] judicial resources, and foster[ing] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Shurick v. Boeing Co.*, 623 F.3d 1114, 1116 (11th Cir. 2010) (citation and internal quotation marks omitted). Simply put, the rule of res judicata is that "a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). That is precisely the situation presented here, as Long's present Complaint is a reformulation of the same causes of action against the same defendants that were dismissed on the merits in both Civil Action 13-0447-KD-M and the Hale County action.

To be sure, there are four mandatory elements to res judicata, to-wit: (i) "a final judgment on the merits," (ii) "rendered by a court of competent jurisdiction," (iii) identity of parties in both suits, and (iv) presence of the same cause of action. *Maldonado*, 664 F.3d at 1375 (citation omitted). It cannot reasonably be disputed that all four elements are satisfied here. Both the federal action before Judge DuBose and the state-court action before Judge Wiggins were disposed of via final judgments on the merits by courts of competent jurisdiction. The parties, claims and causes of action asserted in the case at bar are the same as those in the prior lawsuits. To the extent that Long may be intending to pursue any new or different legal theories in the current litigation, such an effort would not avert the preclusive effects of res judicata. After all, it is quite clear that all claims asserted by Long here were or could have been raised in the prior action.

For all of these reasons, the undersigned readily concludes that Long's present Complaint is barred by straightforward application of the doctrine of res judicata. He has now sued the same defendants for the same alleged harms on three separate occasions. His first two lawsuits against Madison, De Los Reyes and Moundville Health & Rehab. involved the same parties and causes of action, and were dismissed with prejudice via adjudication on the merits by courts of competent jurisdiction. All of Long's claims in this case were or could have been asserted in Civil Action 13-0447-KD-M in this District Court, and in Case No. CV-2014-000007 in Hale County Circuit Court.

Accordingly, the Motion to Dismiss (doc. 10) is **granted**. This action is **dismissed with prejudice** in its entirety as barred by the doctrine of res judicata.[5] A separate judgment will enter.

DONE and ORDERED this 10th day of November, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

[5] In his Motion to Dismiss, De Los Reyes also requests that the Court "grant relief that it deems well calculated to deter these continued, frivolous lawsuits." (Doc. 10, at 11.) The undersigned declines to impose monetary or other sanctions against the *pro se* plaintiff at this time. However, Long is cautioned that he is playing a very dangerous game from which adverse repercussions will flow if he persists. **Res judicata means that Long is prohibited from suing Madison, De Los Reyes and Moundville Health & Rehab. again – in any court – for the alleged acts and omissions at issue here.** If he does so, not only will his case be summarily rejected (as happened here and in the Hale County action), but also Long will risk having sanctions imposed, such as being ordered to pay the defendants' legal fees for defending against his frivolous, vexatious lawsuits. **Should Long persist in wasting court resources and harassing these defendants by refiling some version of this lawsuit against them in any court for the same alleged misconduct, he may face harsh monetary or other sanctions to deter his abuses of the court system.** Long has now been warned in plain language. He is expected to conduct himself accordingly.